UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x  NOT FOR PUBLICATION

GERARDO SOLANA,

                 Petitioner,                     ORDER
   -versus-
                                                          10-CV-3045(JG)
UNITED STATES PROBATION DEPARTMENT,
and YARA SUAREZ,

                 Respondents.
-----------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        On July 15, 2010 I dismissed Solana's petition for an emergency writ. On September 9, 2012, Solana filed a letter request in this Court stating that I have "a conflict of interest in this proceeding and any other proceeding that the plaintiff submits," because I was "the Government's assistant attorney in plaintiff's appeal . . . in 1988, at the Second Circuit Court of Appeals." Letter Request 2, Sept. 10, 2012, ECF No. 9. Solana requests that a different judge be assigned to rule upon "this and any other motion, writs or anything that is submitted by plaintiff," *id.*

        I construe Solana's letter as motion for disqualification. Pursuant to 28 U.S.C. § 455(a), "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This provision is to "be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *ISC Holding AG v. Nobel Biocare Fin. AG,* 688 F.3d 98, 107 (2d Cir. 2012) (internal quotation marks omitted). The inquiry centers on whether "an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done

absent recusal." *Id.* (internal quotation marks and brackets omitted).

To the extent Solana's requests that I recuse myself from the denial of his emergency writ, I deny the motion as untimely. However, in an abundance of caution, I grant the motion with respect to all pending and future cases filed by this plaintiff. Although I do not recall having any involvement in Solana's appeal in 1988, *United States. v. Solana Santryll*, 868 F.2d 1268 (2d Cir. 1988), I was Chief of Appeals in the United States Attorney's Office at that time, and I have no reason not to credit Solana's representation that I was involved in his case.

Accordingly, the Clerk is directed to reassign a different judge to all pending and future cases filed by Gerardo Solana, including 12-cv-4907, 12-cv-3519, 12-cv-4032, 12-cv-4722, and 12-cv-5235.

So ordered.

_____
John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
    October 24, 2012